EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Vivian de Jesús Viñas | 2018 TSPR 127 <br><br> 200 DPR ____ |

Número del Caso: TS-6467

Fecha: 16 de julio de 2018

Abogado de la parte promovida:

        Por derecho propio

Programa de Educación Jurídica Continua:

        Lcdo. José Ignacio Campos Pérez
        Director

Materia: La suspensión será efectiva el 17 de julio de 2018, fecha en que se le notificó por correo a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re:* | Núm. TS-6467 | |
|---|---|---|
| Vivian de Jesús Viñas | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 16 de julio de 2018.

En esta ocasión, nos corresponde ejercer nuestra jurisdicción disciplinaria para ordenar la suspensión inmediata e indefinida de la práctica de la abogacía de una integrante de la profesión legal por razón de su incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y con las órdenes de este Tribunal.

I

La Lcda. Vivian de Jesús Viñas fue admitida al ejercicio de la abogacía el 6 de noviembre de 1979 y al ejercicio de la notaría el 12 de junio de 1990.[1] El 23 de junio de 2017, el Director Ejecutivo del PEJC presentó ante este Tribunal un *Informe sobre incumplimiento con requisito de educación jurídica continua* (*Informe*). En éste, relató los pormenores relacionados con los cambios legislativos y reglamentarios que surgieron a raíz de la aprobación de la

---

[1] Mediante Resolución del 12 de agosto de 2002, este Tribunal dio por terminada la fianza notarial de la licenciada De Jesús Viñas. Ello, luego de que ésta presentara una carta solicitando su baja voluntaria.

Ley Núm. 121 de 2009 y la consiguiente eliminación del requisito de colegiación compulsoria para ejercer la profesión legal en Puerto Rico. Según se señaló en el *Informe*, la licenciada De Jesús Viñas figuraba entre aquellos profesionales del derecho que habían solicitado un estatus de inactividad ante el Colegio de Abogados y Abogadas (Colegio) cuando ese era el procedimiento oficial para ello. No obstante, éstos no habían cumplido con el nuevo procedimiento para solicitar el cambio de estatus dispuesto en la Resolución ER-2011-04 del 30 de septiembre de 2011, *In re R. 4 Prog. Educ. Jur. Cont.*, 183 D.P.R. 48 (2011).

En la referida Resolución se estableció que, a partir del 1 de enero de 2012, los abogados y las abogadas que quisieran ser relevados del cumplimiento con los créditos de educación jurídica continua debían tramitar su cambio de estatus a través de la Secretaría de este Tribunal, al margen de cualquier otro trámite previo que hubiesen realizado ante el Colegio. A tenor con esto, a partir del 1 de enero de 2012, correspondía a los abogados y abogadas que desearan ser relevados del cumplimiento con los requisitos del PEJC, solicitar directamente a este Tribunal un cambio de estatus. Consiguientemente, se fijó el 31 de diciembre de 2011 como la fecha límite para reconocer la validez de aquellas exoneraciones que operaban en virtud de un cambio de estatus decretado por el Colegio. A partir de entonces, los abogados y abogadas que se habían acogido a

tal exoneración estarían sujetos al cumplimiento con los requisitos del PEJC hasta tanto solicitaran un cambio de estatus directamente a este Tribunal.

En el *Informe* presentado, se hace un recuento de los esfuerzos realizados por el PEJC para asegurar el cumplimiento de aquellos abogados y abogadas que no tramitaron su inactividad conforme al nuevo estado de Derecho antes reseñado. Así, se indica que inicialmente se les envió un *Aviso de Incumplimiento* mediante el cual se les otorgó un término de sesenta (60) días para tomar los cursos adeudados y satisfacer la cuota por cumplimiento tardío. Posteriormente, y transcurrido un término razonable para cumplir con los créditos, se les envió una citación a una vista informal.

En el caso particular de la licenciada De Jesús Viñas, por razón de su incumplimiento con el periodo de 1 de febrero de 2010 al 31 de enero de 2012, ésta fue citada a una vista informal mediante una carta enviada el 18 de julio de 2014. En respuesta, el 18 de agosto de 2014, la licenciada envió una carta a la otrora Directora Ejecutiva del PEJC informándole que no podría asistir a la vista y que la razón por la cual había incumplido con los requerimientos del PEJC era porque no se encontraba ejerciendo la profesión desde el 2002, cuando se mudó al estado de Georgia. Según explicó, en el 2007 solicitó un cambio de estatus ante el Colegio y, a partir de entonces, estaba inactiva en la profesión. Indicó, además, que no

había logrado encontrar información sobre cómo solicitar la inactividad ante este Foro.

Celebrada la vista informal, el 29 de agosto de 2014, el PEJC envió un correo electrónico a la licenciada de Jesús Viñas informándole que se le concedía una prórroga final para cumplir con los créditos adeudados y pagar la cuota de cumplimiento tardío. El 24 de septiembre de 2014, la licenciada remitió al PEJC un cheque a nombre del Secretario de Hacienda por la cuantía correspondiente a la cuota; a saber, $50.00. No obstante, incumplió con el término que le fue concedido mediante la prórroga final al no tomar los créditos de educación jurídica adeudados.

Así las cosas, el 16 de marzo de 2016, la Directora Ejecutiva Interina del PEJC, Lcda. Laura I. García Sierra, envió una carta a la licenciada De Jesús Viñas en la que recapituló los incidentes relativos a su incumplimiento a partir de la celebración de la vista informal en el 2014. En esta comunicación expresamente se le indicó que su incumplimiento se retrotraía al 2007, pero que había sido exonerada en virtud de su solicitud de cambio de estatus ante el Colegio. En la misiva también se le orientó respecto a cómo solicitar un cambio de estatus ante la Secretaría de este Tribunal. A esos efectos, se incluyó el formulario correspondiente y la Resolución ER-2011-04 que uniformó ese procedimiento como respuesta a la eliminación de la colegiación compulsoria. Por último, se le advirtió que también había incumplido con los créditos

correspondientes al periodo del 1 de febrero de 2012 al 31 de enero de 2014. La licenciada De Jesús Viñas no respondió a dicha comunicación. Tampoco presentó el formulario que le fue cursado para solicitar su cambio de estatus a abogada inactiva, según el nuevo procedimiento vigente desde el 2012.

Recibido el *Informe* del PEJC, el 12 de septiembre de 2017, este Tribunal emitió una Resolución otorgándole a la licenciada De Jesús Viñas veinte (20) días para comparecer y mostrar causa por la cual no debía ser suspendida de la profesión por su reiterado incumplimiento con los requisitos del PEJC. Ante la incomparecencia de la letrada, el 20 de marzo de 2018, este Tribunal emitió una segunda resolución mediante la cual le concedió un término final de diez (10) días para comparecer. [2] Al día de hoy, y transcurrido el término concedido, la licenciada De Jesús Viñas no ha comparecido ante este Tribunal para cumplir con lo ordenado ni ha cumplido con los requerimientos del PEJC.

## II

Los requerimientos establecidos en el *Reglamento del Programa de Educación Jurídica Continua* responden al deber

---

[2] Ambas resoluciones fueron notificadas por correo certificado a la dirección que consta en el Registro Único de Abogados (RUA) y que fue corroborada por la propia licenciada De Jesús Viñas mediante un correo electrónico enviado a la Secretaría de este Tribunal el 12 de abril de 2012. La segunda resolución, además, fue notificada vía correo electrónico a la dirección que consta en el RUA y de la cual, según surge del expediente, la licenciada ha enviado distintos correos electrónicos, tanto al PEJC como a la Secretaría.

ineludible de todo abogado y abogada en nuestra jurisdicción de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Canon 2 del Código de Ética Profesional, 4 L.P.R.A. Ap. XVII-E. Con el fin de garantizar el cumplimiento con ese deber deontológico, este Tribunal adoptó el Reglamento de Educación Jurídica Continua, *supra*, para requerir a todos los miembros activos admitidos a la profesión legal la aprobación de veinticuatro (24) horas crédito en cursos de educación jurídica. Además, el Reglamento contiene los procedimientos para certificar el cumplimiento con las horas crédito y revisar los avisos de incumplimiento. *Véase In re Aprob. Regl. Prog. Educ. Jur.*, 164 D.P.R. 555 (2005).

El Reglamento, además, contempla contadas excepciones al cumplimiento con los requisitos de educación jurídica continua. A esos efectos, el inciso (c) de la Regla 4 dispone que se excluyen de la aplicación del Reglamento a "los y las profesionales del Derecho con estatus de inactivo o de baja voluntaria ante la Secretaría del Tribunal Supremo, mientras dure dicha condición de inactividad o de baja voluntaria". *In re R. 4 Prog. Educ. Jur. Cont.*, 183 D.P.R. 48 (2011).

De particular relevancia al caso de la licenciada De Jesús Viñas, conviene destacar que la excepción contenida en este inciso fue enmendada en virtud de la Resolución ER-

2011-04, *In re R. 4 Prog. Educ. Jur. Cont.*, 183 D.P.R. 48 (2011). Mediante ésta, se adoptó un procedimiento uniforme y único para solicitar el cambio de estatus a abogado inactivo en el RUA. Asimismo, se estableció que para que un profesional del derecho quedara relevado del requisito de educación jurídica

continua sería necesario que tramitara el cambio a través de la Secretaría del Tribunal Supremo. Por último, y como se mencionó, en la Resolución expresamente se dispuso lo siguiente:

> La presente Resolución tiene efectividad inmediata. No obstante, las certificaciones de colegiados inactivos y colegiadas inactivas vigentes al presente tendrán validez hasta el 31 de diciembre de 2011. Todo colegiado inactivo o colegiada inactiva, según certificado por el Colegio de Abogados de Puerto Rico, que interese estar clasificado como inactivo o inactiva a partir del 1 de enero de 2012, deberá presentar ante la Secretaría del Tribunal Supremo una Solicitud de cambio de estatus de abogado inactivo en el Registro de Abogados y Abogadas y obtener la aprobación del Tribunal. *In re R. 4 Prog. Educ. Jur. Cont.*, 183 D.P.R. 48 (2011).

Es decir, aquellos abogados y abogadas que hubiesen sido clasificados como inactivos por el Colegio tenían la obligación de presentar el formulario ante este Tribunal para que dicha inactividad fuese efectiva y pudiesen estar exentos del cumplimiento con los requisitos el PEJC.

### III

La falta de diligencia de la licenciada De Jesús Viñas se remonta a su incumplimiento con la Resolución ER-2011-04, *In re R. 4 Prog. Educ. Jur. Cont.*, 183 D.P.R. 48

(2011), al no tramitar su solicitud de inactividad ante la Secretaría de este Tribunal. Justamente por su desatención a ese mandato y subsiguiente incumplimiento con los requisitos del PEJC, el Director Ejecutivo se vio obligado a presentar el *Informe* que nos ocupa y que resultó en las resoluciones que no han sido acatadas por la letrada. Así, la licenciada De Jesús Viñas no sólo ha incurrido en conducta éticamente reprensible al incumplir con los requisitos del PEJC, sino también al ignorar las órdenes y requerimientos de este Tribunal.

Tal y como surge de los hechos reseñados, la licenciada De Jesús Viñas incumplió con los créditos requeridos por el Reglamento de Educación Jurídica Continua, aún luego de que se le concedieran múltiples extensiones para tomar los cursos adeudados. Al día de hoy, ha transcurrido un término más que razonable para cumplir con los periodos de incumplimiento que le fueron debidamente notificados. Asimismo, la licenciada De Jesús Viñas ha tenido múltiples oportunidades para tramitar su solicitud de inactividad ante este Tribunal, conforme a lo establecido en la Resolución ER-2011-04, *In re R. 4 Prog. Educ. Jur. Cont.*, 183 D.P.R. 48 (2011). Como se indicó, a pesar de ser promulgada con vigencia inmediata al 30 de septiembre de 2011, la Resolución proveyó un término hasta el 31 de diciembre de 2011 para presentar dicha solicitud. Estimamos que la conducta de la letrada refleja dejadez,

desatención y falta de diligencia, cualidades incompatibles con la práctica de la profesión legal.

Así, evaluado el *Informe* presentado por el Director Ejecutivo del PEJC y en atención al incumplimiento de la licenciada De Jesús Viñas con los requerimientos de educación jurídica continua y las órdenes de este Tribunal, se ordena la suspensión inmediata e indefinida de ésta del ejercicio de la abogacía. Al incumplir con lo dispuesto en la Resolución ER-2011-04, la señora De Jesús Viñas permaneció como abogada activa en el RUA y, por lo tanto, estaba obligada a satisfacer las horas crédito dispuestas en el Reglamento del PEJC a partir del 31 de diciembre de 2011, fecha límite para solicitar su inactividad ante este Tribunal. Para todos los efectos, el estatus de la licenciada De Jesús Viñas a partir de esa fecha pasó a ser uno de abogada activa, por lo que estaba obligada a tomar los cursos de educación jurídica continua requeridos.

Ciertamente, el cambio en el estado de derecho que supuso la aprobación de la Ley Núm. 121 de 2009 y los cambios reglamentarios que derivaron de ésta le fueron oportunamente informados mediante la Resolución ER-2011-04 y, posteriormente, mediante una carta suscrita por la Directora Ejecutiva Interina del PEJC. Recibido el *Informe*, este Tribunal procedió a darle a la licenciada dos (2) oportunidades para comparecer, oportunidades que desatendió al optar por incumplir con lo ordenado. Resulta forzoso,

pues, decretar su suspensión inmediata e indefinida del ejercicio de la abogacía.

En caso de que la señora De Jesús Viñas esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Vivian de Jesús Viñas

**Núm.** TS-6467

SENTENCIA

En San Juan, Puerto Rico a 16 de julio de 2018.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, evaluado el *Informe* presentado por el Director Ejecutivo del PEJC y en atención al incumplimiento de la licenciada De Jesús Viñas con los requerimientos de educación jurídica continua y las órdenes de este Tribunal, se ordena la suspensión inmediata e indefinida de ésta del ejercicio de la abogacía. Al incumplir con lo dispuesto en la Resolución ER-2011-04, la señora De Jesús Viñas permaneció como abogada activa en el RUA y, por lo tanto, estaba obligada a satisfacer las horas crédito dispuestas en el Reglamento del PEJC a partir del 31 de diciembre de 2011, fecha límite para solicitar su inactividad ante este Tribunal. Para todos los efectos, el estatus de la licenciada De Jesús Viñas a partir de esa fecha pasó a ser uno de abogada activa, por lo que estaba obligada a tomar los cursos de educación jurídica continua requeridos.

En caso de que la señora De Jesús Viñas esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a

este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Estrella Martínez no intervinieron.


                                Juan Ernesto Dávila Rivera
                                Secretario del Tribunal Supremo